**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**
**(KANSAS CITY)**

---

**UNITED STATES OF AMERICA,**
      Plaintiff,

    v.                                        **Case No.** 16-40031-DDC

**JAMES BARAY,**
      Defendant.

---

**UNOPPOSED MOTION FOR EARLY**
**TERMINATION OF SUPERVISED RELEASE**

---

When James Baray's ten-year-old son asks what prison is like, James tells him. When he asks how his father, a former law enforcement officer, could do something to land himself in prison, James tells him. And when he asks what James learned from his mistakes, James tells him that too. Now, James's son has another question. What happens when you've accepted punishment and worked hard to right your wrongs? With the support of the United States Probation Office, Mr. Baray respectfully requests that this Court allow him to answer that question by ending his term of supervised release under Title 18, United States Code, Section 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c)(2)(B). The government does not object.

### BACKGROUND

In 2016, James pleaded guilty to a drug conspiracy (under 21 U.S.C. § 846) involving methamphetamine mixture. D.E. 131-132. He was sentenced to 108 months' imprisonment followed by 5 years' supervised release. D.E. 316. Beginning September 5, 2023, James is now in his fifteenth month of supervision without incident.

## DISCUSSION

After twelve months, this Court may end a term of supervised release "at any time" if "warranted" by the defendant's conduct and "the interest of justice." 18 U.S.C. § 3583(e)(1). Determining whether to grant early termination requires the Court to consider all but two § 3553(a) factors. 18 U.S.C. § 3583(e). The two factors the Court may not consider are: § 3553(a)(2)(A) (specifying the need for sentences to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment"), and § 3553(a)(3) ("the kinds of sentences available"). *Id.* This is because supervised release is meant to encourage reintegration, not prolong punishment. *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration"); *United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration."); *United States v. Leach*, 2021 U.S. Dist. LEXIS 126993, at *5 (D. Kan. July 8, 2021) (acknowledging "the question is not whether the defendant deserves further punishment, but rather whether continuing supervision is necessary to assist . . . with rehabilitation and reintegration into the community.") (quoting United States v. Doerr, 2021 U.S. Dist. LEXIS 30787, at *4–5 (D. Kan. Feb. 19, 2021)).

Indeed, the United States Sentencing Guidelines "encourage" courts to end terms of supervised release early in "appropriate cases." U.S.S.G. § 5D1.2, cmt. n. 5. According to the Judicial Conference's Guide to Judiciary Policy, the "appropriateness of early termination" after 12 months depends on whether the defendant has (1) "substantially satisfied the requirements of the court order" and (2) "demonstrated a willingness and capability to remain lawful beyond the period of supervision." *United States v. Roybal*, 2021 U.S. Dist. LEXIS 232751, at *15–16 (D.N.M. Dec. 6, 2021) (citing Administrative Office of the United States Courts, GUIDE TO JUDICIARY POLICY, Vol. 8, Part E, § 360.20). In short, judiciary policy recognizes that supervised release is fundamentally about "fostering a person's ability to *self-manage* lawful behavior," rather than "coercing" compliance. *See*

2

*United States v. Shaw*, 611 F. Supp. 3d 1170, 1175 (D. Colo. 2020) (emphasis added). Today, Mr. Baray asks the Court to recognize his self-motivated success and find further supervision unnecessary.

## I. Mr. Baray's Unblemished Record of Compliance, Stable Job, and Family Support Warrant Early Termination

Mr. Baray plainly qualifies for early termination and has since September. United States Probation Officer Abby Maracic agrees:

> Mr. Baray . . . has maintained stable employment and residence and has been reporting as directed. He has had no issues of noncompliance while on supervision. He has no outstanding fines or fees. Mr. Baray has been compliant with all drug testing requirements and all UAs he has provided have been negative . . . Therefore, I respectfully support the request for early termination from supervision.

As summarized by PO Maracic, James's conduct on supervision has substantially satisfied the requirements of the Court's order and demonstrated his willingness to lead an obedient life.

Additionally, James's stable job and loving family prove he has everything he needs to remain law-abiding well "beyond the period of supervision." Between his marriage, mortgage, work, stepdaughter's jiu-jitsu practices, son's soccer practices, and eldest daughter's softball tournaments, James doesn't have time to do anything but. He was recently promoted to supervise 13 people within 30 days of being hired at the United Parcel Service's (UPS's) Lenexa sorting facility. And on top of all that, he hopes to soon complete his undergraduate degree so he may one day attend law school. Wherever he goes, James stands out as a capable, earnest, and downright decent person who refuses to be defined by the worst moments of his life. A straightforward application of the statute and judiciary policy makes clear it is well past time James's period of supervision ended.

## II. Early Termination Is in the Interest of Justice

The pertinent § 3553 factors also weigh in favor of early termination. Regarding § 3553(a)(2)(B) and (C), specific deterrence was achieved the moment James was arrested. Research has consistently shown that it is the certainty of punishment, rather than its severity, that deters criminal conduct. *See*

*e.g.*, Nat'l Inst. of Just., U.S. Dep't of Just., *Five Things About Deterrence* (May 2016), available at https://www.ojp.gov/pdffiles1/nij/247350.pdf (last accessed Dec. 17, 2024) (stating "the certainty of being caught is a vastly more powerful deterrent than even draconian punishment."). This is especially true for James who did not receive a single write-up while in BOP custody. There can be no mistake that the underlying offense represents an aberrant period of behavior in an otherwise law-abiding (law-enforcing) life.

And terminating supervision is itself a proven effective means of deterrence. *See* Laura M. Baber & James L. Johnson, *Early Termination of Supervision: No Compromise to Community Safety* 77 Fed. Probation 17, 19 (Sept. 2013) (finding persons granted early termination less likely to commit new crimes than those supervised for full terms). Were Mr. Baray going to recidivate, it would have happened by now. *See United States v. Harris*, 258 F. Supp. 3d 137, 146–147 (D.D.C. 2017) (highlighting those who violate their supervision conditions "tend to do so early in their terms of supervision") (citing United States Sentencing Commission, *Federal Offenders Sentenced to Supervised Release* 35, 63 n. 265 (July 2010)). Because it hasn't, the Court is perfectly situated to protect the public and deter future criminal conduct by positively reinforcing Mr. Baray's performance, encouraging others to follow suit. *See* Richard M. Berman, *Federal Court Involvement in Supervised Release*, Regul. Rev. (June 28, 2021), https://www.theregreview.org/2021/06/28/berman-federal-court-involvement-supervised-release/ ("The importance of early termination of supervised release cannot be overstated . . . Early termination is a critical incentive and a meaningful reward. It is often a welcome counterpoint to the length and severity of prior incarceration.").

In the end, there is simply no benefit to maintaining supervision "at public expense over someone who has proven themself to be beyond supervision." *See United States v. Chapman*, 827 F. Supp. 369, 372 (E.D. Va. 1993). The past fifteen months demonstrate that Mr. Baray no longer requires the Court's assistance with "rehabilitation and reintegration into the community." *See Leach*,

4

2021 U.S. Dist. LEXIS 126993, at *5. To the contrary, the interest of justice is better served when Probation's limited resources are directed at those who need them most. *See Johnson v. United States*, 529 U.S. 694, 709 (2000) (clarifying supervised release is reserved for "those, and only those" who need it).

## CONCLUSION

James hopes to answer his son's question with evidence that hard work pays off. That good things happen when you accept the consequences of your actions and do everything you can to make things right. Mr. Baray thanks the Court for its consideration and asks that it grant this request.

Respectfully submitted,

s/ Daniel T. Hansmeier
DANIEL T. HANSMEIER #IL6288086
Appellate Chief
500 State Avenue, Suite 201
Kansas City, KS 66101
Telephone: 913-551-6712
Fax: 913-551-6562
daniel_hansmeier@fd.org

## CERTIFICATE OF SERVICE

I certify that on December 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/ Daniel T. Hansmeier
DANIEL T. HANSMEIER #IL6288086